UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHURI TRIVEDI,<br><br>         Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>         Defendants. | Case No. 16-cv-01122-JD<br><br>**ORDER DISMISSING COMPLAINT<br>WITH LIMITED LEAVE TO AMEND**<br><br>Re: Dkt. No. 18 |

Plaintiff Madhuri Trivedi is proceeding pro se in this immigration action.  Trivedi is a citizen of India who currently resides in Alameda County, California.  Dkt. No. 1.  Trivedi states that she has been residing in the United States since 2003.  *Id*.  She names as defendants two federal governmental agencies (U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services) and six individual government employees in their official capacities (Jeh Johnson, Secretary of Homeland Security; Leon Rodriguez, Director of USICS; Donald Neufeld, Director of USCIS service centers; Greggory Richardson, Director of Texas service center; Mark Hazuda, Director of Nebraska service center; John Roth, OIG at DHS; and Maria Odom, DHS).  *Id*. ¶¶ 20-26.  The complaint centers on the USCIS's denial of her I-140 immigration petition.  *See*, *e.g.*, *id*. ¶¶ 5, 11, 19.

Defendants have collectively moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. No. 18.  This was a misstep because defendants filed the 12(b) motion after filing an answer.  Dkt. No. 12.  The proper procedure is to move under Rule 12(c), and the Court treats the 12(b)(6) portion of defendants' motion as a motion for judgment on the pleadings made under Rule 12(c).  *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).  The Court finds that the 12(b)(1) portion of defendants' motion is properly before

United States District Court<br>Northern District of California

1    the Court "as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction." *Augustine v. U.S.*,

2    704 F.2d 1074, 1075 (9th Cir. 1983).  Dismissal is granted.

3                                            **DISCUSSION**

4            The complaint paints with a broad brush, and the gist of Trivedi's legal claims is difficult

5    to discern.  Pro se filing are to be liberally construed, and "a pro se complaint, however inartfully

6    pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

7    *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted).  But the Court may not

8    construe a pro se complaint so liberally as to supply essential elements of claims that were not

9    pled.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  In

10   addition, irrespective of a litigant's pro se status, federal courts are courts of limited jurisdiction,

11   and the Court must dismiss an action if it finds at any time that it lacks subject matter jurisdiction

12   over a case.  Fed. R. Civ. P. 12(h)(3).

13           For the most part, none of the many laws referenced by Trivedi in the complaint provide a

14   basis for proceeding with this case because she cannot state a claim against these defendants under

15   them.  Here are the main deficiencies:

16           1.    Unfair immigration-related employment practices, 8 U.S.C. § 1324b (Dkt. No. 1

17   ¶ 34):  This statute prohibits discrimination based on national origin or citizenship status in the

18   employment context.  Trivedi does not allege that any of the defendants were her employers or

19   that they otherwise discriminated against her on the basis of national origin or citizenship status

20   "with respect to the hiring, or recruitment or referral for a fee, of the individual for employment or

21   the discharging of the individual from employment."  18 U.S.C. § 1324b(a)(1).  Trivedi's other

22   factual allegations make clear that this is a deficiency she cannot save by amendment -- she did

23   not have an employment relationship with any of them.  The complaint also does not contain any

24   material, non-conclusory and plausible factual allegations that Trivedi was discriminated against

25   by any employer because of her national origin or citizenship status.  *Bell Atlantic Corp. v.*

26   *Twombly*, 550 U.S. 544 (2007).  The complaint makes clear that Trivedi is instead alleging that

27   she was retaliated against as a whistleblower, because she "rais[ed]/report[ed] issues related to GE

28   who knowingly and illegally releas[ed] defective medical devices."  Dkt. No. 1 ¶ 27.  Even putting

                                                    2

1   to one side for now Trivedi's failures to satisfy the procedural preconditions to asserting a private

2   right of action under 8 U.S.C. § 1324b, the types of factual allegations made by Trivedi in her

3   complaint simply do not map onto that statute.  Trivedi's claims against defendants under 8 U.S.C.

4   § 1324b are consequently dismissed with prejudice.

5           2.    <u>Health Insurance Portability & Accountability Act (Dkt. No. 1 ¶¶ 48-49)</u>:  Trivedi

6   suggests that defendants have violated HIPAA by improperly retaliating against her.  Dkt. No. 1

7   ¶ 49 (citing 45 C.F.R. § 164.530(g)).  But as that regulation makes clear on its face, any

8   prohibition on intimidation or retaliation it imposes applies only to "a covered entity."  *See* 45

9   C.F.R. § 164.530(g) ("A covered entity or business associate may not threaten, intimidate, coerce,

10  harass, discriminate against, or take any other retaliatory action . . . ").  Under 45 C.F.R.

11  § 160.103, "[c]overed entity means:  (1) A health plan; (2) A health care clearinghouse; [or] (3) A

12  health care provider who transmits any health information in electronic form in connection with a

13  transaction covered by this subchapter."  None of those definitions applies to defendants, who are

14  either federal governmental entities or employees of such entities, and nothing in Trivedi's

15  complaint suggests otherwise.  Claims under this regulation, too, are dismissed with prejudice.

16          3.    <u>False Claims Act, 31 U.S.C. §§ 3729, 3802 (Dkt. No. 1 ¶¶ 50-53)</u>:  Trivedi alleges

17  that the False Claims Act "applies to the actions of all government contractors," that "General

18  Electric is a government contractor," and that GE "fail[ed] to disclose product defects."  Dkt.

19  No. 1 ¶ 51.  None of defendants are alleged to have been government contractors, or to otherwise

20  have presented false claims or committed a violation falling under the False Claims Act.  These

21  claims are dismissed with prejudice.

22          4.    <u>Patient Safety & Quality Improvement Act of 2005, 42 U.S.C. § 299 (Dkt. No. 1</u>

23  <u>¶¶ 54-55)</u>:  As Trivedi acknowledges, this act is directed toward "health care professionals and

24  entities."  Dkt. No. 1 ¶ 54.  Section 299b-22(e) provides that "[a] provider may not take an adverse

25  employment action . . . against an individual based upon the fact that the individual in good faith

26  reported information (A) to the provider with the intention of having the information reported to a

27  patient safety organization; or (B) directly to a patient safety organization."  42 U.S.C. § 299b-

28  22(e).  None of the named defendants are health care providers or are alleged to have acted as

Trivedi's employer.  Any claims against defendants under this statute are dismissed with prejudice.

5.    Civil Rights Act of 1991, 42 U.S.C. § 2000e-3a (Dkt. No. 1 ¶ 57):  The Civil Rights Act prohibits employers from discriminating against employees or applicants for employment on certain specified grounds.  42 U.S.C. § 2000e-3(a).  Trivedi makes no allegation that she has ever applied for employment with or been employed by any of the defendants, and her complaint as a whole makes clear that is not the nature of her grievance against defendants.  Claims under this act are dismissed with prejudice.

6.    Tampering with / retaliation against a witness and perjury, 18 U.S.C. §§ 1512, 1513, 1621 (Dkt. No. 1 ¶¶ 62, 72, 73):  The facts alleged by Trivedi do not fit these statutes.  She was not, for example, a witness in an official proceeding.  And these are criminal statutes for which there is no private right of action.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Trivedi's claims under these statutes are dismissed with prejudice.

7.    Intentional infliction of emotional distress (Dkt. No. 1 ¶¶ 63-69):  Trivedi alleges that defendants USCIS and DHS intentionally inflicted emotional distress on her.  Dkt. No. 1 ¶ 64. This claim, too, is fatally flawed.  To the extent Trivedi seeks monetary damages for this alleged tort, dismissal is warranted because Trivedi did not first seek an administrative resolution of her claim as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a).  Trivedi neither presented a claim to the USCIS and DHS, nor had a claim been "finally denied" by either agency.  *See McNeil v. U.S.*, 508 U.S. 106, 111 (1993).  Trivedi "believes that exhaustion of Federal Tort Claims Act claims with administrative remedy with such LAWLESS agenc[ies] is NOT required." Dkt. No. 24 at 6 (emphases in original).  But that is decidedly not the law.  Our circuit has "repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'"  *Jerves v. U.S.*, 966 F.2d 517, 519 (9th Cir. 1992) (citations omitted).  The Supreme Court, too, has emphasized that this "straightforward statutory command" must be adhered to, even in cases filed by pro se litigants, stating, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil*, 508 U.S. at 113.  To the extent Trivedi seeks injunctive

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1   relief for her intentional infliction of emotional distress claim (in the form of an order "restraining

2   DHS/USCIS from further acts" causing her "emotional distress," Dkt. No. 1 ¶ 133), the claim is

3   barred on a different ground:  Trivedi lacks Article III standing.  Under *City of Los Angeles v.*

4   *Lyons*, 461 U.S. 95, 111 (1983), Trivedi has failed to allege, and her allegations show that she

5   cannot sufficiently plead, a "sufficient likelihood that [s]he will again be wronged in a similar

6   way."  Trivedi's intentional infliction of emotional distress claims are dismissed with prejudice.

7          8.      Request for review of denial of I-140 petition:  Defendants "admit" that the Court

8   would have jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 704, to review the

9   USCIS's denial of Trivedi's I-140 petition for classification as an alien of "extraordinary ability"

10  under 8 U.S.C. § 1153(b)(1).  Dkt. No. 18 at 17-18.  But the Court finds that the current version of

11  Trivedi's complaint does not squarely present a request for the Court to perform such a review.

12  Because such a request likely can properly be made to this Court, *see*, *e.g.*, *Sodipo v. Rosenberg*,

13  77 F. Supp. 3d 997, 1001-02 (N.D. Cal. 2015), the Court grants Trivedi leave to amend her

14  complaint to present that request, if she wishes to do so, in a more direct and focused manner.

15                                      **CONCLUSION**

16         The complaint is dismissed with prejudice with the limited exception of the claim seeking

17  review of the USCIS's denial of the I-140 petition.  The amended complaint must be filed by

18  **December 30, 2016**.  Trivedi may not add any new claims or defendants without seeking leave of

19  the Court first.  Trivedi is advised that failure to follow this order will result in summary dismissal

20  of the amended complaint.

21         This order terminates docket number 18, and Trivedi's other pending motions, Dkt.

22  Nos. 37, 39, 41, 45, are terminated as moot.

23         **IT IS SO ORDERED.**

24  Dated:  November 21, 2016

25

26  _____

27  JAMES DONATO
    United States District Judge

28

5